UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J-WEIAL,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>JOE LIZARRAGA, Warden,<br><br>　　　　　　Respondents. | CASE NO. 1:16-cv-00044-AWI-SKO  HC<br><br>ORDER DENYING PETITIONER'S MOTION TO RECONSIDER DENIAL OF APPOINTMENT OF COUNSEL<br><br>(Doc. 21) |

　　　　Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, moves the Court to reconsider its denial of his prior motion for appointment of counsel.

　　　　In habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

　　　　In his first motion, Petitioner contended that appointment of counsel was required because (1) he lacks the financial means to hire counsel; (2) he is unable to investigate his claims while incarcerated; and (3) his case is unduly complex. Petitioner now contends that his ability to represent himself is impeded by mental illness, as evidenced by his inclusion as an outpatient in his institution's mental health delivery system. Petitioner includes the declaration of LaSance Douglas, who has been assisting Petitioner with his legal work, but is now "up for transfer," creating a situation in which Petitioner may require assistance of a new individual to prepare his traverse.

1

1  Few inmates possess legal education, experience, or knowledge.  As a result, the California
2  Department of Corrections and Rehabilitation provides law libraries and inmate assistants to facilitate
3  inmates' preparation of *pro se* pleadings and other legal documents for submission to court.  Petitioner
4  was able to work with such an assistant to prepare his clear and competent petition while he was
5  confined at California State Prison-Corcoran before his transfer to Mule Creek State Prison, where Mr.
6  Douglas now assists him.  Similarly, Petitioner will be able to work with another inmate assistant even if
7  Mr. Douglas is transferred from Mule Creek to a different institution. Accordingly, the Court finds no
8  evidence that the interests of justice require the appointment of counsel at this time.

Petitioner's motion for appointment of counsel is hereby DENIED.

IT IS SO ORDERED.

Dated:   **March 29, 2016**                              **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE