UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER LUMAR J'WEIAL,<br><br>            Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA, Warden,<br><br>            Respondent. | No. 1:16-cv-00044-AWI-SKO  HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS UNTIMELY**<br><br>**(Doc. 23)** |

   Petitioner Xavier Lumar J'Weial is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent Joe Lizarraga, Warden of Mule Creek State Prison, moves to dismiss the petition as untimely.  The undersigned recommends that the Court dismiss the petition, which was filed after expiration of the statute of limitations.

**I.     Procedural and Factual Background** [1]

   Armed with pistols, Petitioner and co-defendant Michael Williams robbed a credit union in Bakersfield, California, on September 25, 2000.  Petitioner and Williams escaped with $10,625 in a car driven by Petitioner's girlfriend, Erranja Tillman.  Following a high speed chase, police arrested all three participants after they crashed the get-away car.

---

[1] Facts and procedural information are derived from the record, including two decisions of the California Court of Appeal.

1

On January 5, 2001, a jury in Kern County Superior Court convicted Petitioner of two counts of second degree robbery (California Penal Code § 212.5(c)) and found multiple sentencing enhancements to be true.  The court sentenced Petitioner to a determinate prison term of 36 years.

Petitioner filed a direct appeal.  On November 25, 2002, the California Court of Appeal remanded for retrial on the issue of whether Petitioner's prior robbery conviction in Arkansas could be treated as a serious felony for purposes of the serious felony enhancement an the three strikes law.  *People v. J'Weial*, 2002 WL 31648935 (Cal. Ct. App. Nov. 25, 2002) (No. F037532).  On May 19, 2003, the Superior Court again imposed a 36-year determinate sentence.

Following Petitioner's appeal, the Court of Appeal modified the judgment to strike a prior prison term enhancement it had erroneously stayed and affirmed the judgment as modified. *People v. J'Weial*, 2005 WL 602525 (Cal. Ct. App. Mar. 15, 2005) (No. F043123). On June 8, 2005, the California Supreme Court denied without prejudice the petition for review.

Petitioner then filed multiple petitions for writ of habeas corpus, beginning with *J'Weial v. Hedgpeth*, erroneously filed in the Los Angeles County Superior Court on October 25, 2007, and refiled in Kern County Superior Court on December 7, 2007.  Petitioner filed ten subsequent petitions.

**II.     The Federal Petition Is Untimely**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997).  AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  The limitations period is measured from the latest of:

///

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is
>
> removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, direct review in the State of California ended when the California Supreme Court denied the petition for review on June 8, 2005. The federal statutory limitation period began on September 7, 2005, following the expiration of the 90-day period in which to file a petition for writ of certiorari in the U.S. Supreme Court. Absent tolling, the one-year statutory limitation period expired on September 6, 2006.

The limitation period is tolled during the pendency of a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). Here, Petitioner did not file a state habeas petition or seek other collateral review before the statutory limitation period expired. As a result, the federal petition is untimely, and the Court must dismiss it.

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

      (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

      (B)  the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

///

///

**IV.     Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 7, 2016**                         /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

5